IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No.: 2:19-cr-00441 |
| vs. ) | |
| ) | |
| AMIR GOLESTAN, ) | |
| MICFO, LLC ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS' FIRST MOTION FOR DISCOVERY AND INSPECTION

The Defendants, Amir Golestan and Micfo, LLC, by and through their undersigned attorneys, E. Bart Daniel and Matthew W. Orville, hereby respectfully move for discovery of statements, documents, records and other information pursuant to: The Constitution of the United States; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; the Jencks Act (18 U.S.C. 3500); and Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), Giglio v. United States, 405 U.S. 150 (1972), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitley, 514 U.S. 419 (1995), and their progeny. In accordance with these authorities, the Defendants move the Court to direct the Government to immediately make available for inspection and copying discovery as required by the above-cited authorities and any orders of the Court, to include, but not limited to, the following information:

### DEFINITIONS

1. "Statement" as used herein, includes any comment, conversation, expression, acknowledgment, admission, or denial, whether oral, written, or otherwise made, and without regard to whether the government recorded, documented, or otherwise memorialized the statement.

2.   "Government" as used herein includes the United States Attorney's Office, the Department of Justice, and any other federal, state or local governmental entity.

3.   The term "information," as used herein, shall have the broadest meaning possible and includes, without limitation, matters known to the Government (in whatever form, whether or not recorded, written, or otherwise documented), facts, evidence, expert opinions, documents, written, typed, printed, recorded, or graphic matter, however produced or reproduced of any kind and description, including but not limited to paper, notes of conversations, contracts, electronic mail, computer files, agreements, drawings, communications, letters, memoranda, handwritten notes, calendars, photographs, transcriptions or sound recordings, and includes any data, information, or statistics contained within any data storage modules, tapes, discs, other memory device, or any data compilation or electronic media from which information can be obtained.

4.   The term "document" includes electronically stored information and encompasses originals, copies, and all drafts.

5.   The term "Channel Partners" shall mean the following entities: OppoBox, LLC, Univera Network, LLC, Roya Hosting, LLC, Virtuzo, LLC, Contina Communications, LLC, Fiber Galaxy, LLC, Telentia, LLC, Border Technology, LLC and Fairway Network, Inc.

6.   The term "ARIN" means the American Registry for Internet Numbers, Ltd. and its subsidiaries, affiliates, officers, directors, agents, employees, attorneys, representatives, and all other persons acting or purporting to act on its behalf.

## GENERAL DISCOVERY REQUESTS

7.   All discovery materials pursuant to Rule 16, Federal Rules of Criminal Procedure.

8.   All discovery materials pursuant to Rule 26.2, Federal Rules of Criminal Procedure, and the Jencks Act (18 U.S.C. 3500).

9. Notice of intention to use evidence pursuant to Rule 12(b)(4), Federal Rules of Criminal Procedure, as follows:

   A. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or other authority, and as to each item provide the following:

      i. The location from which the evidence was seized;
      ii. The date and time of the search and seizure;
      iii. The name and address of the person(s) making the seizure;
      iv. The name and address of any witness(es) to the seizures; and
      v. In lieu of items (i) through (iv), the government can provide all reports relating to any search and seizures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

   B. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, GPS tracking devices, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

      i. A description of the type of electronic surveillance;
      ii. The location of the electronic surveillance;
      iii. The date and time of the surveillance;
      iv. Copies and transcripts of any recorded conversations;
      v. All videotape, including bank surveillance tapes; and
      vi. All logs, notes, reports or other material relating to the electronic surveillance.

   C. Disclosure of any identification procedure that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

      i. The name and address of each identification witness;
      ii. The method of identification;
      iii. The specific items used in the identification procedure, i.e. photographs, tape recordings, etc.;
      iv. The date and location of the identification procedure;
      v. The results of the identification procedure; and
      vi. Notes, memorandum, reports and records regarding the identification procedure.

3

10. All discovery materials pursuant to the U.S. Attorney's District Discovery Policy, including transcripts of all grand jury proceedings.

11. All discovery materials pursuant to the Court's Order Governing Discovery filed in this case on June 3, 2019.

12. Any and all notes, minutes, summaries, emails or recorded observations of a meeting on December 4, 2017 between Joint Terrorism Task Force Agents and Amir Golestan in Charleston, South Carolina.

13. Any and all notes, minutes, summaries, emails or recorded observations of a meeting on March 28, 2018 between Special Agent Matt Pinto and Amir Golestan in Charleston, South Carolina.

14. Any and all notes, minutes, summaries, emails or recorded observations of a meeting on July 18, 2018 between Brian Womble and Amir Golestan and his counsel in Charleston, South Carolina.

15. All information in the Government's possession, custody or control, related to communications by and between the ARIN on the one hand and Micfo, Amir Golestan, and/or any Channel Partners, on the other hand, including, but not limited to, any information relating to any and all requests from Micfo and/or its Channel Partners for allocation of Internet Protocol (IP) addresses from ARIN and/or requests by Amir Golestan, Micfo, or any Channel Partners to transfer IP addresses between entities.

16. All information in the Government's possession, custody or control, related to communications by ARIN, including its lawyers, to the Government in any way to Micfo, Amir Golestan, and/or any Channel Partners.

4

17. All Registration Services Agreements (RSAs) between ARIN and Micfo, Amir Golestan, and/or any Channel Partners.

18. All information in the Government's possession, custody or control relating to ARIN's internal procedures and policies on IP Address allocations, including representation(s) of process flow, details of each step, the escalation process, and exception handling.

19. All information in the Government's possession, custody or control concerning the process or review undertaken by ARIN to determine the identity of a signatory of any document provided by any Micfo, Amir Golestan, or any Channel Partners to ARIN.

20. All information and communications between the Government and _____ Golestan and/or her counsel.

21. All information in the Government's possession, custody or control concerning communications by and between Andrew (Andy) Margow and ARIN personnel concerning Micfo and/or Claimants.

22. All information and communications between the Government and Victoria Latham or Ms. Latham's counsel.

23. All information and communications between the Government and Erinn Larkin or Ms. Larkin's counsel.

24. All information and communications between the Government and any current or former employee of Micfo or such person's counsel.

25. All information in the Government's possession, custody or control concerning or evidencing the calculation of the value of the IPv4 addresses at issue in this matter.

26. All information, including, but not limited to, documents and backup documents, upon which Richard Jimmerson bases any testimony he will give related to the charges against the Defendant, including any such information upon which he bases any conclusions or opinions.

## BRADY/GIGLIO REQUESTS

27. All information in the Government's possession, custody or control, or otherwise known to the government, which is favorable to or which exculpates or tends to exculpate in any way the defendant, or tends to establish a defense, in whole or in part, to the allegations in the Indictment, or which may help the defendant to avoid conviction, or mitigate punishment, including, but not limited to:

    A. All information and/or opinions that tend to contradict, discredit, disagree with and/or impeach the facts, conclusions, and calculations relied on by the government to support the figures in Paragraphs 7-8 of the Indictment regarding the market value of IP addresses obtained by the Defendant.

28. Transcripts of all grand jury testimony and exhibits related to the investigation of this case.

29. All information concerning any government witnesses relating to threats of punishment, promises of leniency, offers of immunity, amnesty, rewards, benefits, agreements not to prosecute, plea agreements, and other such arrangements with government witnesses and/or their family members or employers, to include but not limited to:

    A. All information, including correspondence, written agreements, verbal agreements, and other understandings, concerning the government's relationship and negotiations with government witnesses and/or their

        family members or employers;

    B.    All information concerning any instance in which an attorney or agent of the government has questioned the truthfulness of information provided by government witnesses;

    C.    All information concerning any breach of the terms of any agreement between the government and any of its witnesses.

30.    All information relating to credibility of any government witnesses, including, but not limited to:

    A.    Inconsistent statements;

    B.    Exculpatory statements concerning the witness, the defendant or any other participants in the alleged offenses, including statements denying or refuting any aspect or element of the alleged offenses.

    C.    Statements made during any interview, "proffer," de-briefing, grand jury testimony, or otherwise that were subsequently changed, modified, contradicted, discredited, or otherwise impeached. This specifically includes any denials, claims of ignorance, or other exculpatory statements made by government witnesses after being initially confronted by the attorneys for the government and/or other government agents.

    D.    Memos, draft memos, reports, diaries, journals, agent or attorney notes, correspondence, e-mails, business records, telecommunications records, and any other such documents concerning the alleged offenses which contradict or otherwise impeach statements made by any witness for the government.

   E. All information concerning the conduct, character, and reputation of any government witness for untruthfulness;

   F. All employment, personnel files, and other such records containing information relevant to any government witness's character or credibility;

   G. All federal and state criminal records concerning government witnesses, including records regarding violations of bond, probation, or supervised release conditions.

31. The names and addresses of any and all persons interviewed by the government in connection with this case whom the government does not plan to call as witnesses at trial.

32. All information regarding so-called "unproductive" leads and other investigative efforts; that is, investigative efforts made by the government that did not reveal incriminating evidence, to include, but not limited to:

   A. Covert attempts to engage suspected participants in the alleged offenses in conversation concerning the alleged offenses;

   B. Overt attempts to "roll" or otherwise persuade suspected participation of the alleged offenses to cooperate with the government;

   C. Surveillance of suspected participants in the offenses, including visual and electronic surveillance, searches of garbage, and other such investigative efforts;

   D. Memos and notes of agents and/or attorneys for the government concerning any monitored but not recorded conversations.

33. All information from testifying and/or non-testifying expert witnesses, whether formally or informally consulted, including opinions, reports and/or underlying data, that is

inconsistent with any aspect or element of the alleged offenses or otherwise favorable to the defendant.

34. Furthermore, the defendant moves the Court to order the Government to immediately disclose to the defendant any of the above-described information that becomes known to the Government after its initial production of discovery in this case.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/ E. Bart Daniel*
E. Bart Daniel
Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
John C. McElwaine
Federal Bar No. 6710
E-Mail: john.mcelwaine@nelsonmullins.com
Matthew W. Orville
Federal Bar No. 12533
E-Mail: matt.orville@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

*Attorneys for Amir Golestan and Micfo, LLC*

June 28, 2019

Charleston, South Carolina

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No.: 2:19-cr-00441 |
| vs. ) | |
| ) | |
| AMIR GOLESTAN, ) | |
| MICFO, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

I hereby certify that on June 28, 2019, a copy of the foregoing First Motion for Discovery and Inspection has been filed with the Clerk of Court via the CM/ECF system which will send notification of this filing to all counsel of record.

By: _s/ E. Bart Daniel_
E. Bart Daniel
Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200