IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:19-441-RMG |
| | ) | |
| Amir Golestan and Micfo LLC, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on Defendants' motion to withdraw their guilty pleas. (Dkt. No. 178). Defendants assert that (1) Defendant Golestan was not advised by counsel or the Court "about the possibility of denaturalization as a result of his guilty plea;" (2) Defendants have credibly asserted a claim of innocence based upon *Ciminelli v. United States*, 598 U.S. ___, 2023 WL 3356526 (May 11, 2023); and (3) Defendant Golestan's guilty plea entered on behalf of co-defendant Micfo LLC (Micfo) may be invalid because "he has been told that he might not have had the ability to act on behalf of Micfo because he was only a manager/employee and not a member or officer of the company." (Dkt. No. 178 at 2). The Government has filed a memorandum in opposition to the motion. (Dkt. No. 182).

By way of background, Defendants Golestan and Micfo were indicted on twenty counts of wire fraud associated with the use of fictitious names to procure valuable IP addresses from the American Registry for Internet Numbers (ARIN) that they could have not obtained in their own names. (Dkt. No. 2). The trial commenced in this case on November 15, 2021. In the midst of the second day of trial, November 16, 2021, Defendant Golestan advised the Court that he wished to enter a plea of guilty on all twenty counts for himself and Micfo.

1

The Court then conducted a careful and deliberate Rule 11 colloquy. Defendant Golestan advised the Court that he was "absolutely" satisfied with the services of his attorneys. (Dkt. No. 160 at 10). He acknowledged that he and Micfo had used fictitious names as a deception to obtain IP addresses and that they were guilty of all twenty counts. (*Id*. at 16-17, 20-21). Defendant Golestan further represented to the Court that he was the manager of Micfo and in that capacity he had the authority to enter a guilty plea on behalf of the entity. (*Id*. at 21). Defendants filed their motion to withdraw their guilty pleas on April 26, 2023, more than 18 months after the entry of the guilty plea and six days before the final sentencing hearing.

A defendant seeking to withdraw a guilty plea carries the burden of demonstrating "a fair and just reason" for requesting the withdrawal of the plea. Fed. R. Cr. P. 11(d). Courts typically consider the following factors when addressing a motion to withdraw a guilty plea:

1.    Whether the defendant has credibly asserted that his plea was not knowing or voluntary;

2.    Whether the defendant has credibly asserted his legal innocence;

3.    Whether there has been a delay between entering the guilty plea and filing the motion;

4.    Whether the defendant had close assistance of competent counsel;

5.    Whether withdrawal would prejudice the government; and

6.    Whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F. 2d 245, 248 (4th Cir. 1991).

## Discussion

**A.    Since Defendant is a naturalized American citizen, the Court had no duty to advise him in his plea colloquy that he was at risk for deportation due to his guilty plea.**

Defendant advised the Court at his plea colloquy that he was a naturalized American citizen.  (Dkt. No. 160 at 13).   It is well settled that a naturalized American citizen is not subject to denaturalization and deportation following a felony conviction.  *Costello v. Immigration and Naturalization Service*, 376 U.S. 120 (1964); *Singh v. Attorney General of the United States*, 12 F.4th 262 (3rd Cir. 2021); *Okpala v. Whitaker*, 908 F.3d 965 (5th Cir. 2018).  *See also* 8 U.S.C. § 1227(a)(1)(B) ("any alien" may be deported for violating a law of the United States).

Rule 11(b) of the Federal Rules of Criminal Procedure provides that the Court must inform the defendant of a number of factors in the course of a guilty plea colloquy, including "that, if convicted, a defendant *who is not a United States citizen* may be removed from the United States . . ." (emphasis added).  Since Defendant Golestan was a naturalized American citizen there was no need to inform him that he was subject to deportation if he entered a guilty plea since that is plainly not the law.  Defendant Golestan's claim that his plea colloquy was deficient because he was not advised that he was subject to denaturalization and deportation following the entry of his guilty plea is without merit.

**B.    The Supreme Court's recent decision in *Ciminelli v. United States* does not impact the lawfulness of Defendant's conviction for traditional wire fraud**.

The *Ciminelli* case involved a challenge to the "right to control" theory of wire fraud, an approach exclusively utilized in the Second Circuit.  Under the "right to control" theory, a defendant may be liable for wire fraud upon a "showing that the defendant, through withholding or inaccurate reporting of information that could impact on economic decisions, deprived some person or entity of potentially valuable economic information."  *United States v. Percoco*, 13

F.4th 158, 170 (2nd Cir. 2021). The Supreme Court, in a unanimous decision on May 11, 2023, rejected the "right to control" theory. Defendants, however, were charged and tried under traditional wire fraud principles, and the *Ciminelli* decision has no impact on the lawfulness of their convictions.

### C.    Defendant Golestan represented to the Court under oath that he had the authority as the manager of Micfo LLC to enter a plea on its behalf and the claim that someone told him he might not have that authority is not a sufficient basis to affect the validity of Micfo's guilty plea.

Defendant Golestan represented to the Court under oath during the plea colloquy that he was the manager of Micfo and in that capacity had the authority to enter a guilty plea on behalf of the entity. (Dkt. No. 160 at 21). Micfo and Defendant Golestan were represented by the same counsel and no one other than Defendant Golestan was in attendance at the trial on Micfo's behalf. Defendant Golestan now asserts that some unidentified person has told him that he "might" not have had the authority to enter a plea on behalf of Micfo. He offers no other basis to support his effort to withdraw the guilty plea of Micfo. With the record before the Court, Defendants have not carried their burden of demonstrating a "fair and just reason" to allow Micfo to withdraw its guilty plea.[1]

Based on the foregoing, Defendants have failed to carry their burden of showing a fair and just reason for the withdrawal of their guilty pleas. Defendants have offered no credible evidence that the pleas were not knowing and voluntary or that they were deprived of close assistance of competent counsel. The effort to withdraw the guilty pleas was hardly timely,

---

[1] Notably, no person or entity has asserted on Micfo's behalf that the Defendant Golestan lacked the authority to enter the plea on behalf of the entity. Further, if in fact Defendant Golestan lacked the authority to enter a plea on behalf of Micfo, he would not have standing to challenge the validity of Micfo's guilty plea. Based upon the record before the Court, Defendant Golestan had ample authority to enter a plea on behalf of Micfo.

coming more than 18 months after the entry of the guilty plea and within days of the final sentencing hearing. Defendants have asserted no valid basis for a claim of legal innocence. Finally, there was no deficiency in Defendant Golestan's plea colloquy since, as a naturalized American citizen, he faced no risk of denaturalization and deportation due to the entry of his guilty plea. Consequently, Defendants' motion to withdraw their guilty pleas is **DENIED**.

      **AND IT IS SO ORDERED**.

       s/Richard M. Gergel
Richard Mark Gergel
United States District Court

May 15, 2023
Charleston, South Carolina